**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**

CRAIG INNES LEE,

      Plaintiff,

v.                             Case No.  1:24-cv-156-MCR-MJF

ALACHUA COUNTY SHERIFF, *et
al.,*

      Defendants.

                               /

## <u>REPORT AND RECOMMENDATION</u>

Craig Innes Lee, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint. Doc. 4. The undersigned recommends that this case be dismissed as malicious, under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Lee's abuse of the judicial process in failing to disclose honestly and completely his litigation history, and because this action is duplicative of a prior action Lee filed that was dismissed with prejudice for failure to state a claim.

## I. BACKGROUND

Lee is a Florida prisoner confined at the Graceville Correctional Facility. Doc. 4 at 2. Lee's Florida Department of Corrections inmate

number is "597534." *Id.* at 2. Lee is suing Clovis Watson, Jr., the Sheriff of Alachua County, in his official capacity. *Id.*

Lee alleges that while confined at the Alachua County Jail in May 2022, he was issued medical passes for a low bunk, low-tier housing, a wheelchair, and a designation as legally blind. *Id.* at 5. On May 29, 2022, Lee was assigned to a housing unit with stairs. *Id.* Lee showed an officer the medical passes, but the officer ignored the passes and confiscated Lee's wheelchair because the housing unit was "no-wheelchair housing." *Id.* On May 30, Lee fell down the stairs and injured his back, neck, face, wrist and thumb. *Id.* Medical staff took x-rays, prescribed Naproxen, and returned Lee's wheelchair. *Id.* Lee was reassigned to a different housing unit.

Lee claims that the unnamed officer was negligent and deprived Lee of his rights under the Constitution and the Americans with Disabilities Act. *Id.* at 7. Lee seeks compensatory and punitive damages.

## II.    DISCUSSION

### A.    Screening of Lee's Complaint

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104–134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood

of prisoner lawsuits in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A.

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under § 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021) ("An action is malicious when a

prisoner misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury. . . ."); *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (same); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998) (same), *abrogated in part on other grounds by Jones v. Bock*, 549 U.S. 199 (2007)..

**B.    Lee's Reponses to Questions on the Complaint Form**

Lee provided answers to Section VIII of the civil rights complaint form which requires him to disclose his litigation history. Doc. 4 at 8-11. The complaint form asks three questions:

> A. To the best of your knowledge, have you had any case dismissed for a reason listed in § 1915(g) which counts as a "strike"?[1]
>
> B. Have you filed other lawsuits in either **state or federal court** dealing with the same facts or issue involved in this case?
>
> C. Have you filed any other lawsuit  in  federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

---

[1] The introduction to Section VIII explains the "three strikes rule" of 28 U.S.C. § 1915(g), and defines a "strike" as follows: "an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." Doc. 1 at 8 (quoting 28 U.S.C. § 1915(g)).

*Id.* at 9-10. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose all responsive cases. *Id.* at 9-11.

In response to the foregoing questions, Lee responded "No" to each question, and disclosed no cases. *Id.* at 9-11. Lee signed his name after the following statement: "I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct." *Id.* at 11-12.

Thus, Lee has in effect stated that at the time he filed this lawsuit, he had not filed any other case in federal court that (1) counted as a "strike" because it was dismissed as frivolous, as malicious, or for failure to state a claim, (2) dealt with the same facts or issue involved in this case, or (3) related to the conditions of his confinement.

**C.    Lee's Omission**

Pursuant to Federal Rule of Evidence 201, the undersigned takes judicial notice that at the time Lee filed his complaint in this case, he had filed *at least* one prior case that required disclosure. Specifically, on June 1, 2022, Lee filed a civil rights case in the United States District Court for the Northern District of Florida that dealt with the same facts and

issue as the present case. *See Lee v. Watson*, No. 1:22-cv-123-AW-MJF, Compl., Doc. 1 (N.D. Fla. June 18, 2022). On January 3, 2023, the district court dismissed the case with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. *Lee v. Watson*, No. 1:22-cv-123-AW-MJF, 2023 WL 25350 (N.D. Fla. Jan. 3, 2023), *appeal dismissed*, No. 23-10211-H (11th Cir. Mar. 3, 2023). Lee had been given two opportunities to replead.

Lee did not disclose the foregoing case in his initial complaint or his amended complaint filed in the present case. *See* Doc. 1, 4.

Lee's prior case falls squarely within the complaint form's disclosure requirements. The case was a lawsuit Lee filed in federal court that (1) was dismissed for failure to state a claim (i.e., a reason listed in § 1915(g)), which counts as a "strike;" (2) dealt with the same facts and issue involved in this case; and (3) related to the conditions of Lee's confinement. Lee's failure to disclose the prior case violates his duty of candor to this court.

## D.   **The Materiality of Lee's Omission**

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

*Spires v. Taylor*, Case No. 3:00-cv-249-RH (N.D. Fla. Oct. 27, 2000) (Order of Dismissal). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous . . . ." *Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261-62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to disclose their record of

litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner litigants to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.* 750 F.3d 1253, 1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Lee falsely responded to questions on the complaint form as detailed above. Lee knew from reading the complaint form that he was required to disclose all prior cases filed in federal court that were dismissed for failure to state a claim, that dealt with the same facts or issue involved in the present case, or that related to the conditions of his confinement. Doc. 4 at 8-11. Lee also knew that the penalty for failing to disclose his prior litigation was dismissal. *Id*. at 11 ("**Failure to disclose all prior cases may result in the dismissal of this case.**").

Page 8 of 12

There is no excuse for Lee's failure to respond truthfully to the questions on the complaint form. The questions are straightforward and easily understandable. *See supra* Part II.B. & n.1; *see also Kendrick*, 2022 WL 2388425, at *2-3 (rejecting prisoner's argument that omission of cases was not malicious because he was confused by question on form and omission was harmless; complaint form clearly required disclosure).

A penalty is warranted both to deter Lee from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

## E.    The Appropriate Sanction is Dismissal

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936; *Burrell*, 857 F. App'x at 625. Federal courts cannot let false responses go unpunished. *See Strickland v. United States*, 739 F. App'x 587, 588 (11th Cir. 2018) ("A sanction less than dismissal would signal that a failure to disclose filings

is an infraction without consequence. It would invite other prisoners to omit their litigation history, thus draining the judicial system's time and resources.").

If Lee suffered no penalty for his untruthful responses, there would be little or no disincentive for Lee's attempt to evade or undermine the purpose of the form. Dismissal as malicious is an appropriate sanction for Lee's abuse of the judicial process in not providing the court with true factual statements or responses. *See Rivera*, 144 F.3d at 731; *see also, e.g., Wynn v. Postal Serv.*, 735 F. App'x 704, 705 (11th Cir. 2018) (affirming dismissal of *pro se* plaintiff's case for abuse of the judicial process after the plaintiff failed to disclose a prior case; noting that the case fell "squarely within the complaint form's disclosure requirements"); *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) ("[T]he district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Lebarr v. Fla. Dep't of Corr.*, 2022 WL 2438357, at *1 (N.D. Fla. July 5, 2022) (citing multiple cases supporting this proposition).

A dismissal as malicious also is appropriate because this case is duplicative of Case No. 1:22-cv-123-AW-MJF, **which was dismissed with prejudice**. *See Daker v. Bryson*, 841 F. App'x 115, 120-21 (11th Cir. 2020) (dismissing complaint as malicious was appropriate because it was duplicative of prior lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988).

### III.   CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1.   This action be **DISMISSED** as malicious under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

2.   The clerk of the court enter judgment accordingly and close this case file.

At Panama City, Florida, this 1st day of October, 2024.

> /s/ Michael J. Frank
> **Michael J. Frank**
> **United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to make recommendations regarding dispositive matters. *See* 28 U.S.C. § 636(b)(1)(B), (C);**

Page 11 of 12

**Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only.</u> A party must serve a copy of any objections on all other parties. A party who fails to object to this report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any judicially-noticed fact, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of that fact, they must raise this issue in an objection to this report and recommendation.**